UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

LAUREN ODIORNE b/n/f SYLVIA ODIORNE, )
and SYLVIA ODIORNE individually, )
and JEFFREY ODIORNE individually, )
    Plaintiffs, )
)
vs. )   CASE NO. 2:05-CV-79- JM
)
WAL-MART STORES, INC., )
McLANE COMPANY, INC., )
PRO-LINE INTERNATIONAL, INC., and )
ALBERTO-CULVER USA, INC., )
    Defendants. )

## PETITION TO COMPROMISE AND SETTLE MINOR'S CLAIM FOR INJURY AND REQUEST FOR SHOW CAUSE HEARING FOR JEFFREY ODIORNE

Plaintiff, Sylvia Odiorne Stancliff, ("Sylvia") as mother and next friend of Lauren Odiorne, ("Lauren") a minor, by counsel, Michael A. Fish of Terrell & Thrall, LLP, now respectfully petitions the Court as follows:

1. Sylvia is the biological parent and natural guardian of Lauren, a minor, age seven (7) years old.

2. Sylvia has the care, custody and control of Lauren.

3. Sylvia and Lauren reside together at the family residence located at 1604 Jacobsen Boulevard, Bremerton, Washington 98310.

4. On or about February 10, 2004, Lauren had been bathed by her mother, who then applied a hair product called "Just for Me", which was manufactured and sold by Defendants. Several hours later, when Lauren leaned over to blow out a candle, her hair ignited.

5. As a result of the incident, Lauren, alleges to have suffered physical injury including but not limited to second and third degree burns of her forehead and ears. She was airlifted to the University of Chicago Burn Unit. She remained in the hospital for a period of several days and had skin grafts to both ears and to her forehead.

6. Sylvia understands that Defendants, Wal-Mart Stores, Inc., McLane Company, Inc., Pro-Line International, Inc., and Alberto-Culver USA, Inc., deny that they are strictly liable and negligent for the incident that occurred on February 10, 2004. Defendants also deny that they were in any way negligent or strictly liable for any injuries or damages that Lauren suffered or might suffer in the future.

7. On behalf of Lauren, Sylvia has negotiated a settlement with representatives of Defendants, Sylvia believes that the settlement is a fair and reasonable settlement of the claims asserted on behalf of Lauren and that the compromise is in the best interests of the minor.

8. For purposes of settlement, Sylvia waives any individual claims she has for damages.

9. Sylvia and Lauren are fully aware that this matter can be tried by jury, but now advise the Court that they desire to waive such trial, and request that this matter be compromised and settled, and that such compromise be heard and approved by this Court without the intervention of a jury. Sylvia is fully aware that if this cause were eventually tried by jury, Sylvia and Lauren might receive more than the amount of the proposed compromise and settlement, they might receive less than the amount of the proposed compromise and settlement, they might receive the same as the proposed compromise and settlement, or they might receive nothing at all.

10. Inasmuch as there is a dispute concerning liability and the existence, nature and extent of Lauren's injuries, and given the fact that litigation would involve additional expense, uncertainty,

and might result in a recovery less than the amount of the proposed compromise and settlement, Sylvia has determined and concluded that the claim of Lauren should be compromised and settled in her best interest.

11. Sylvia has received an offer from the representative of Defendants, Wal-Mart Stores, Inc., McLane Company, Inc., Pro-Line International, Inc., and Alberto-Culver USA, Inc., to settle Lauren's claim for a total payment of Thirty Thousand Dollars ($30,000.00), to be applied to the support, use and benefit of Lauren pursuant to I.C. § 29-3-3-1.

12. Sylvia fully understands and agrees that the total payment of Thirty Thousand Dollars ($30,000.00) from Defendants is in full and complete compromise and settlement of any and all claims of any kind and character, known or unknown, of the minor, Lauren, and her natural parents arising out of the aforementioned incident.

13. Sylvia believes and represents to the Court that the Defendants' offer of settlement is the best that can be obtained, that it is in the best interest and to Lauren's best advantage, and that it will fully protect her rights and interests and compensate her for her injuries, and accordingly, Sylvia requests that the settlement be accepted and approved by this Court.

14. In the course of negotiating settlement of this matter, counsel for Plaintiffs has repeatedly attempted to contact Plaintiff Jeffrey Odiorne by letter and telephone. Counsel believes he has accurate contact information for Mr. Odiorne. Notwithstanding counsel's efforts, Mr. Odiorne has been non-responsive with regard to the settlement offer. Nevertheless, Sylvia and Lauren Odiorne do not wish to further delay settlement of this matter.

15. Counsel for Plaintiff, Jeffrey Odiorne, does not believe Mr. Odiorne is entitled to any proceeds from the settlement amount. No offer has been made to Mr. Odiorne for his claim for loss of consortium, and counsel does not believe an offer is forthcoming.

16. Mr. Odiorne's inaction should not further delay settlement. Accordingly, the Court should set a hearing on this matter and require Mr. Odiorne to appear and show cause why he has not responded to his attorney. Alternatively, the Court should set a deadline for objections to this petition, approve the settlement following the expiration of the time, and bar Mr. Odiorne from further litigation on his claims.

WHEREFORE, Plaintiff respectfully requests the Court for an Order:

1. Approving in all respects the agreement to compromise and settle the claims of Lauren Odiorne and Sylvia Odiorne, individually on the basis recited above.

2. Setting a show cause hearing for Mr. Odiorne or a period of time to allow Mr. Odiorne to object to this petition.

3. Authorizing and directing Plaintiff, Sylvia Odiorne Stancliff, to release Defendants, Wal-Mart Stores, Inc., McLane Company, Inc., Pro-Line International, Inc., and Alberto-Culver USA, Inc., from any present or any future claims arising out of the incident occurring on February 10, 2004, and to exercise the necessary settlement agreement on behalf of Lauren Odiorne, discharging Defendants, Wal-Mart Stores, Inc., McLane Company, Inc., Pro-Line International, Inc., and Alberto-Culver USA, Inc., from all further liability with respect to the incident referred to above.

I AFFIRM UNDER THE PENALTIES FOR PERJURY THAT THE FOREGOING REPRESENTATIONS ARE TRUE.

_____
Sylvia Odiorne Stancliff, Mother and Next Friend of Lauren Odiorne, a Minor

/s/ Michael A. Fish
_____
Michael A. Fish, #21628-03
Terrell & Thrall, LLP
1158 W. Lincolnway, Ste. 1
Valparaiso, IN  46385
219465-1766
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of April, 2007, he caused a full and complete copy(ies) of the foregoing, to be served upon the following, by placing the same in a properly addressed envelope with sufficient first-class postage affixed thereto, and depositing same in the United States mail at Valparaiso, Indiana.

Robert D. Emmerson, Esq.
Keith A. Gaston, Esq.
DeFUR VORAN LLP
8409 Fishers Centre Drive
Fishers, IN 46038

/s/ Michael A. Fish
_____
Michael A. Fish

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that on April 13, 2007, I electronically filed the foregoing **Petition to Compromise and Settle Minor's Claim for Injury and Request for Show Cause Hearing for Jeffrey Odiorne** with the Clerk of the Court using the CM/ECF system, and the **Proposed Order to Appear and Proposed Order Authorizing Settlement** were sent via e-mail to the Honorable Andrew P. Rodovich. Copies of the documents were electronically transmitted and/or mailed by U.S. First Class Mail to the following parties:

Robert D. Emmerson, Esq.
Keith A. Gaston, Esq.
DeFUR VORAN LLP
8409 Fishers Centre Drive
Fishers, IN 46038

Jeffrey A. Odiorne
10267 Patricia Church Drive
Granger, IN 46530

                                                    /s/ Michael A. Fish
                                                    Michael A. Fish